## Zillic, Appellant, *v.* Minnich.

*Contract — Written instrument — Conflicting evidence as to inducement—Case for jury.*

In an action to recover moneys alleged to be due under a written contract where the defendants introduce evidence that they were induced to sign the contract by certain oral inducements, and that these inducements had failed, and this evidence is contradicted, and the court submits the whole case to the jury in a fair and adequate charge, a verdict and judgment for defendants will be sustained.

Argued March 8, 1917. Appeal, No. 59, March T., 1917, by plaintiffs, from judgment of C. P. Luzerne Co., June T., 1910, No. 37, on verdict for defendant in case of John Zillic et al. v. Edward Minnich et al. Before OR- LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX- LER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover a share of royalties on coal. Before STRAUSS, J.

From the record it appeared that plaintiffs claimed to recover twenty per cent. of the royalties received by defendant from certain coal lands. The claim was based upon a written agreement under seal. The defendants admitted the execution of the agreement, but set up a contemporaneous oral agreement, inducing the written agreement under seal; whereby plaintiffs agreed to procure the signatures of all the heirs of John Beisel to the written agreement or the written agreement was to be void; and another contemporaneous oral agreement, inducing the written agreement under seal, whereby the plaintiffs agree to prove for coal within six months or a year, or the written agreement should become null and void.

The plaintiffs denied making such oral agreements.

Verdict and judgment for defendants. Plaintiffs appealed.

122, (1917).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were various rulings on evidence and instructions.

*John T. Lenahan,* with him *Joseph H. Jones* and *Adrian H. Jones,* for appellants.

*John H. Bigelow,* with him *C. W. Kline,* for appellees.

PER CURIAM, July 13, 1917:

There are two disputed questions of fact in this case which must necessarily be submitted to a jury.

On the trial in the court below every phase of the controversy was presented, the plaintiff and defendant submitting special requests for instructions, and each urging that the verdict should be in favor of their respective contentions. The charge of the court was fair and adequate, and the disputed questions were clearly submitted to the jury.

We discover no error in the record that would warrant a resubmission of the same facts to another jury.

The judgment is affirmed.